UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

ALFRED SMITH,

                                      Plaintiff,

                -against-

DELANO GRANT, et al.,

                                      Defendants.

------------------------------------------------------------------------ x

**ANSWER TO THIRD AMENDED COMPLAINT**

Jury Trial Demanded

12 CV 4158 (ILG)(SMG)

        Defendants Police Officer Delano Grant and City of New York, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the third amended complaint, respectfully allege, upon information and belief, as follows:

        1. Deny the allegations set forth in the preliminary statement of the third amended complaint, except admit that plaintiff brings this action as stated therein.

        2. Deny the allegations set forth in paragraph "1" of the third amended complaint, except admit that plaintiff invokes the jurisdiction of the Court and purports to base venue as stated therein.

        3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "2" of the third amended complaint.

        4. Deny the allegations set forth in paragraph "3" of the third amended complaint, except admit that defendant Delano Grant is employed by the City of New York as a detective and is assigned to the 34th precinct.

        5. Deny the allegations set forth in paragraph "4" of the third amended complaint, except admit that defendant Raymond Philips is employed by the City of New York

as a police officer and further state that, upon information and belief, Officer Philips is assigned to the Fleet Service Division.

6. Deny the allegations set forth in paragraph "5" of the third amended complaint, except admit that Walter Lynch is employed by the City of New York as a detective and further state that, upon information and belief, Detective Lynch is assigned to the Midtown North Detective Squad.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the third amended complaint.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the third amended complaint.

9. Deny the allegations set forth in paragraph "8" of the third amended complaint, except admit that defendant City of New York is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and respectfully refer the Court to the New York City Charter for an explanation of the City's relationship with its Police Department.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the third amended complaint.

11. Deny the allegations set forth in paragraph "10" of the third amended complaint, except admit that defendant Delano Grant is employed by the City of New York as a detective and is assigned to the 34th precinct.

12. Deny the allegations set forth in paragraph "11" of the third amended complaint, except admit that defendant Raymond Philips is employed by the City of New York

as a police officer and further state that, upon information and belief, Officer Philips is presently assigned to the Fleet Service Division.

13. Deny the allegations set forth in paragraph "12" of the third amended complaint, except admit that Walter Lynch is employed by the City of New York as a detective and further state that, upon information and belief, Detective Lynch is presently assigned to the Midtown North Detective Squad.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the third amended complaint.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the third amended complaint.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the third amended complaint.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the third amended complaint.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the third amended complaint.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the third amended complaint, except admit that on October 20, 2010 two individuals reported to Detective Grant that an individual had fraudulently leased them an apartment.

20. Deny the allegations set forth in paragraph "19" of the third amended complaint, except admit that plaintiff was identified as the individual who fraudulently leased the apartments.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the third amended complaint.

22. Deny the allegations set forth in paragraph "21" of the third amended complaint.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the third amended complaint.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the third amended complaint, except admit that a representative from Manhattan Apartment Services reported to police that four checks had been intercepted.

25. Deny the allegations set forth in paragraph "24" of the third amended complaint.

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the third amended complaint.

27. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the third amended complaint, except admit that plaintiff was arrested on or about August 20, 2011 and that his driver's license had been suspended.

28. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the third amended complaint.

29. Deny the allegations set forth in paragraph "28" of the third amended complaint, except admit that Detective Grant signed a criminal complaint based on the information provided to him by the complaining victims.

30. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the third amended complaint.

31. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the third amended complaint.

32. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the third amended complaint, except state that, upon information and belief, plaintiff was arrested on September 8, 2011 and charged with depositing stolen checks into his bank account.

33. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the third amended complaint.

34. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of the third amended complaint.

35. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "34" of the third amended complaint.

36. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35" of the third amended complaint.

37. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "36" of the third amended complaint, except admit that the charges against plaintiff were dismissed and sealed on or about May 23, 2012.

38. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "37" of the third amended complaint.

39. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "38" of the third amended complaint.

40. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "39" of the third amended complaint.

41. In response to the allegations set forth in paragraph "40" of the third amended complaint, defendants repeat and reallege their responses in the preceding paragraphs of this answer as if fully set forth herein.

42. Deny the allegations set forth in paragraph "41" of the third amended complaint.

43. Deny the allegations set forth in paragraph "42" of the third amended complaint.

44. Defendants submit that paragraph "43" contains legal conclusions to which no response is required. To the extent a response is required, defendants admit that plaintiff was arrested by Officer Phillips on or about August 20, 2011.

45. Defendants submit that paragraph "44" contains legal conclusions to which no response is required. To the extent a response is required, defendants admit that plaintiff was arrested by Officer Phillips on or about August 20, 2011.

46. Defendants submit that paragraph "45" contains legal conclusions to which no response is required. To the extent a response is required, defendants admit that plaintiff was arrested by Officer Phillips on or about August 20, 2011.

47. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "46" of the third amended complaint, except admit that plaintiff was arrested by Officer Phillips on or about August 20, 2011 and respectfully refer the Court to the arrest report for a recitation of the charges.

48. Deny the allegations set forth in paragraph "47" of the third amended complaint.

49. Deny the allegations set forth in paragraph "48" of the third amended complaint.

50. Deny the allegations set forth in paragraph "49" of the third amended complaint.

51. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "50" of the third amended complaint.

52. Deny the allegations set forth in paragraph "51" of the third amended complaint.

53. Deny the allegations set forth in paragraph "52" of the third amended complaint.

54. Deny the allegations set forth in paragraph "53" of the third amended complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding the length of time that plaintiff was incarcerated.

55. Defendants submit that paragraph "54" contains legal conclusions to which no response is required.  The extent a response is required, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

56. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "55" of the third amended complaint, except admit that that the charges against plaintiff were dismissed and sealed on or about May 23, 2012.

57. Deny the allegations set forth in paragraph "56" of the third amended complaint.

58. Deny the allegations set forth in paragraph "57" of the third amended complaint.

59. Deny the allegations set forth in paragraph "58" of the third amended complaint.

60. Deny the allegations set forth in paragraph "59" of the third amended complaint.

61. Deny the allegations set forth in paragraph "60" of the third amended complaint.

62. Deny the allegations set forth in paragraph "61" of the third amended complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding the length of time that plaintiff was incarcerated.

63. Deny the allegations set forth in paragraph "62" of the third amended complaint.

64. Deny the allegations set forth in paragraph "63" of the third amended complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding the length of time that plaintiff was incarcerated.

65. Defendants submit that paragraph "64" contains legal conclusions to which no response is required. The extent a response is required, defendants admit that plaintiff was charged with grand larceny in the fourth degree.

66. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "65" of the third amended complaint, except admit that a representative from Manhattan Apartment Services reported to police that four checks had been intercepted.

67. Deny the allegations set forth in paragraph "66" of the third amended complaint, except admit that plaintiff was arrested by Detective Lynch on or about September 8, 2011 and respectfully refer the Court to the arrest report for a recitation of the charges.

68. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "67" of the third amended complaint, except admit that that the charges against plaintiff were dismissed and sealed on or about May 23, 2012.

69. Deny the allegations set forth in paragraph "68" of the third amended complaint.

70. Deny the allegations set forth in paragraph "69" of the third amended complaint.

71. Deny the allegations set forth in paragraph "70" of the third amended complaint.

72. Deny the allegations set forth in paragraph "71" of the third amended complaint.

73. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "72" of the third amended complaint.

74. Deny the allegations set forth in paragraph "73" of the third amended complaint.

75. Deny the allegations set forth in paragraph "74" of the third amended complaint.

76. Deny the allegations set forth in paragraph "75" of the third amended complaint.

77. Deny the allegations set forth in paragraph "76" of the third amended complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding the length of time that plaintiff was incarcerated.

78. Deny the allegations set forth in paragraph "77" of the third amended complaint.

79. Deny the allegations set forth in paragraph "78" of the third amended complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding the length of time that plaintiff was incarcerated.

80. In response to the allegations set forth in paragraph "79" of the third amended complaint, defendants repeat and reallege their responses in the preceding paragraphs of this answer as if fully set forth herein.

81. Deny the allegations set forth in paragraph "80" of the third amended complaint.

82. Deny the allegations set forth in paragraph "81" of the third amended complaint, except deny knowledge or information sufficient to form a belief as to truth of the allegations regarding the length of time which plaintiff was in custody.

83. In response to the allegations set forth in paragraph "82" of the third amended complaint, defendants repeat and reallege their responses in the preceding paragraphs of this answer as if fully set forth herein.

84. Deny the allegations set forth in paragraph "83" of the third amended complaint.

85. Deny the allegations set forth in paragraph "84" of the third amended complaint.

86. Deny the allegations set forth in paragraph "85" of the third amended complaint.

87. Deny the allegations set forth in paragraph "86" of the third amended complaint.

88. Deny the allegations set forth in paragraph "87" of the third amended complaint.

89. Deny the allegations set forth in paragraph "88" of the third amended complaint, except deny knowledge or information sufficient to form a belief as to truth of the allegations regarding the length of time which plaintiff was in custody.

90. In response to the allegations set forth in paragraph "89" of the third amended complaint, defendants repeat and reallege their responses in the preceding paragraphs of this answer as if fully set forth herein.

91. Deny the allegations set forth in paragraph "90" of the third amended complaint.

92. Deny the allegations set forth in paragraph "91" of the third amended complaint.

93. Deny the allegations set forth in paragraph "92" of the third amended complaint.

94. Deny the allegations set forth in paragraph "93" of the third amended complaint.

95. Deny the allegations set forth in paragraph "94" of the third amended complaint.

96. Deny the allegations set forth in paragraph "95" of the third amended complaint.

97. Deny the allegations set forth in paragraph "96" of the third amended complaint, except deny knowledge or information sufficient to form a belief as to truth of the allegations regarding the length of time which plaintiff was in custody.

98. Deny the allegations set forth in paragraph "97" of the third amended complaint.

99. In response to the allegations set forth in paragraph "98" of the third amended complaint, defendants repeat and reallege their responses in the preceding paragraphs of this answer as if fully set forth herein.

100. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "99" of the third amended complaint.

101. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "100" of the third amended complaint, except admit that that the charges against plaintiff were dismissed and sealed on or about May 23, 2012.

102. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "101" of the third amended complaint.

103. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "102" of the third amended complaint.

104. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "103" of the third amended complaint, except admit that that the charges against plaintiff were dismissed and sealed on or about May 23, 2012.

105. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "104" of the third amended complaint.

106. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "105" of the third amended complaint.

107. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "106" of the third amended complaint, except admit that that the charges against plaintiff were dismissed and sealed on or about May 23, 2012.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE:**

108. The third amended complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

109. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States, the State of New York or any political subdivision thereof.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE:**

110. Detective Delano Grant, Detective Walter Lynch, and Police Officer Raymond Phillips have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore are protected by qualified immunity.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

111. At all times relevant to the acts alleged in the third amended complaint, defendants acted reasonably in the proper and lawful exercise of their discretion.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

112. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct, and/or that of third parties, and was not the proximate result of any act of the defendants.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

113. This action may be barred in whole or in part by the applicable statute of limitations.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

114. Plaintiff may have failed to comply, in whole or in part, with New York General Municipal Law § 50-e, h and i.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE:

115. Plaintiff provoked any incident.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

116. There was probable cause for plaintiff's arrest, detention, and/or prosecution.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

117. To the extent that the third amended complaint alleges claims against the City of New York under state law, such claims are barred by the doctrine of immunity from judgment from governmental errors in the exercise of governmental functions.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

118. Punitive damages cannot be recovered against the City of New York.

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE:

119. There was probable cause for plaintiff's arrest, detention, and/or prosecution.

**AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE:**

120. At all times relevant to the acts alleged in the third amended complaint, defendant City of New York, its agents and officials, acted reasonably in the proper and lawful exercise of their discretion. As a result, defendant City of New York is entitled to governmental immunity.

**WHEREFORE,** defendants Delano Grant and City of New York request judgment dismissing the third amended complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
May 8, 2013

MICHAEL A. CARDOZO
Corporation Counsel of the
   City of New York
*Attorney for Defendants City of New York and Delano Grant*
100 Church Street, Room 3-172
New York, New York 10007
(212) 788-0976

By: _____/s_____
   Elizabeth N. Krasnow
   Assistant Corporation Counsel

**TO: BY ECF**
   All counsel

Index No. 12 CV 4158 (ILG)(SMG)

---

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

ALFRED SMITH,

             Plaintiff,

      -against-

DELANO GRANT, et al.,

             Defendants.

---

**ANSWER TO THIRD AMENDED COMPLAINT**

---

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants City of New York and*
*Delano Grant*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Elizabeth N. Krasnow*
*Tel: (212) 788-0976*

---

*Due and timely service is hereby admitted.*

*New York, N.Y. .................................................. , 2013*

*............................................................................ Esq.*

*Attorney for................................................................*